WILLIAM B. BILSE, complainant,

*v.*

ART STORE FIXTURE MANUFACTURING COMPANY,
defendant.

[Decided August 4th, 1924.]

**Specific Performance—Question of Acceptance of Terms and
Notification—Dispute Between Parties and Counsel.**

On final hearing.

*Mr. Clarence H. Alexander* and *Mr. W. R. Crosson,* for
the complainant.

*Mr. Maurice J. Zucker,* for the defendant.

BACKES, V. C.

This bill is for specific performance. The parties nego-
tiated for the sale of the complainant's property to the de-
fendant and reached an agreement upon the main terms.
The matter was then handed over to their lawyers to mould
into legal shape. The complainant's lawyers prepared a con-
tract and forwarded it November 2d, 1923. He sent an-
other November 20th, and a third, in duplicate, December
6th, presumably because the earlier ones were not satisfactory.
The duplicates were returned by defendant's lawyer with
corrections, signed by defendant, December 11th. They were
flatly turned down and returned two days later. They were
again sent to complainant's lawyer in the same shape the next
day, December 14th, with direction, "if Mr. Bilse still refuses
to sign these contracts will you destroy them and write me
telling me that you have destroyed the same." The com-
plainant says he signed them December 20th or 21st, and

46

his lawyer testifies that he promptly informed defendant's lawyer by 'phone, and on December 31st wrote defendant personally. A manifold copy of the letter was produced. Defendant's lawyer denies receiving the telephone message, and defendant denies receiving the letter. On January 3d, 1924, defendant's lawyer wrote complainant's lawyer that due to the delay in getting the contracts signed by the complainant his client did not care to purchase the property, and requested that the contracts be destroyed. Then followed recriminating letters between the lawyers, and this suit.

The contract signed by the defendant and sent to the complainant was an offer to purchase, and to be binding required an acceptance within a reasonable time. If it was, in fact, signed December 20th or 21st, as complainant says it was, and notice thereof given promptly, as complainant's lawyer says he gave, the time was not unreasonable in view of all the circumstances, but it approached the limit. The testimony does not satisfy me that defendant's lawyer was informed by telephone that the contracts were signed. Nor am I satisfied that the letter of December 31st was sent to the defendant. Why communicate with them personally when all previous communications were had with their lawyears? And why send them a letter sounding in first news that the contract had been signed if, in fact, their lawyer had been told of it ten days before? The burden is on the complainant to establish, by a preponderance of proof, acceptance within a reasonable time, and before the withdrawal of the proposal, and, having failed, the bill will be dismissed.